# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HITACHI AUTOMOTIVE SYSTEMS AMERICAS, INC.,<br><br>　　　　Defendant. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices based on disability and to provide appropriate relief to Misti Huff King ("King"), who was adversely affected by such practices. The U.S. Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") alleges that Hitachi Automotive Systems Americas, Inc. ("Hitachi" or "Defendant") discriminated against King by denying her a reasonable accommodation under the ADA and rescinding a permanent job offer based on her disability in violation of the ADA.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division. Venue is proper in this Court under 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant Hitachi Automotive Systems Americas, Incorporated is a Delaware corporation and a wholly owned subsidiary of Hitachi America, Ltd.

Defendant's principal office is in Harrodsburg, Kentucky. King worked at Defendant's facility in Monroe, Georgia. Defendant's registered agent is located in Norcross, Georgia, Gwinnett County. At all relevant times, Defendant was registered and licensed to conduct business in the State of Georgia, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111 (7), which incorporate by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. § 2000e (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, King filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant.

7. On May 17, 2019, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On June 28, 2019, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10. Since on or about May 1, 2017, Defendant has engaged in unlawful employment practices at its Monroe, Georgia facility, in violation of Section 102 of the ADA, 42 U.S.C. §12112(a) and (b).

11. King is a qualified individual with a disability under 42 U.S.C. §§ 12102 and 12111(8). King has a physical impairment (an overactive bladder) that substantially limits her major life activities, such as performing tasks and working, due to her need to stop and take frequent restroom breaks. Not only does her disability limit her major life activities, but it affects the operation of her major bodily functions, including but not limited to, digestive, bowel, and bladder functions.

12. In May 2017, King was assigned to Defendant by Express Employment Professionals ("Express"), a staffing agency, as a temporary employee.

13. King worked for Defendant at its facility in Monroe, Georgia as a cleanroom assembly operator.

4

14. In September 2017, King was assigned to Defendant by another staffing agency, Impact Outsourcing Solutions, LLC ("Impact").

15. The cleanroom operators were given two breaks per shift – one break lasted 15 minutes and the other break lasted 30 minutes.

16. At the start of her employment in May 2017, King informed Express, Impact, and Defendant that she had an overactive bladder. Specifically, King told her supervisor at Hitachi and management at Impact that she required additional restroom breaks as a reasonable accommodation under the ADA.

17. In September 2017, King sent a letter from her doctor to her supervisor at Hitachi and the Human Resources Manager stating that she required additional restroom breaks due to a serious medical condition.

18. King did not receive a response regarding her request for an accommodation, but her immediate supervisors allowed her to take an additional two to three restroom breaks each shift.

19. None of King's supervisors complained about her work performance due to her need to take additional restroom breaks.

20. In fact, based on King's work performance during her initial six-month probationary period, Defendant offered her a full-time, permanent position on or about January 6, 2018.

21. King accepted the offer but was required to undergo a background check and medical evaluation. King visited a Hitachi-designated doctor as part of the process, disclosed her disability to the doctor, and told the doctor that she required additional restroom breaks. The doctor determined that King was able to perform the essential functions of an assembly operator but required additional restroom breaks.

22. On February 13, 2018, the Human Resources Manager told King that she was not permitted to return to work until she provided another doctor's note supporting her request for an accommodation.

23. On February 16, 2018, King submitted another letter from her doctor stating that she needed to take a restroom break every two hours.

24. Still, Defendant determined that King's submission was insufficient, and Defendant required her to obtain a specific restroom schedule from her doctor.

25. On February 28, 2018, King met with Human Resources to discuss her accommodation request to take additional restroom breaks.

26. On or about March 8, 2018, Defendant rescinded its offer of employment stating that King was "not able, with reasonable accommodation, to perform the essential job functions to the standard required of similar workers."

27. King was able to perform the essential functions of an assembly operator and demonstrated her ability to perform well in the position based on the

positive performance evaluation she received. During King's employment, there were no complaint or issues concerning her work performance.

28. King's request to have additional restroom breaks during her shift was reasonable and did not affect production.

29. At all times, multiple employees were available to cover for any assembly operator who needed to step away from the assembly line for a restroom break or scheduled break.

30. Notably, during King's employment, there were multiple employees who took frequent restroom breaks, sometimes more breaks than King, but Defendant did not terminate their employment.

31. Defendant unlawfully rescinded its offer of permanent employment to King based on her disability and her need for a reasonable accommodation.

32. Defendant terminated King's employment based on her disability and her need for an accommodation.

33. The effects of the practices complained of above have been to deprive King of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

34. The unlawful employment practices complained of above were intentional.

35. The unlawful employment practices complained of above were done with malice and/or with reckless indifference to King's federally protected rights.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from denying reasonable accommodations to disabled employees, discharging disabled employees, or engaging in any other employment practice that discriminates on the basis of disability;

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees with disabilities and that eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to make King whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement;

D. Order Defendant to make King whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

E.  Order Defendant to make King whole, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F.  Order Defendant to pay King punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

G.  Grant such further relief as the Court deems necessary and proper in the public interest; and

H.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

JANET FAST GUSTAFSON
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANTONETTE SEWELL
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Supervisory Trial Attorney

s/ Pamela E. Palmer
Trial Attorney
Georgia Bar No. 882599
pamela.palmer@eeoc.gov

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, GA 30303
(404) 562-6973  (direct dial)
(404) 562-6905 (facsimile)