## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | **1:19-cv-03887-MLB-JKL** |
| and | ) ) | |
| MISTI HUFF KING, | ) ) | |
| Plaintiff/Intervenor, | ) ) | |
| v. | ) ) | |
| HITACHI AUTOMOTIVE SYSTEMS AMERICAS, INC., | ) ) ) | |
| Defendant. | ) ) | |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12117(a) (hereinafter, the "ADA"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Complaint alleged that Defendant Hitachi Automotive Systems Americas, Inc. ("Defendant") discriminated against Plaintiff/Intervenor Misti Huff King ("King") by refusing to hire her because of her disability. Thereafter, King intervened through counsel, also alleging a violation of the ADA.

The Commission, King, and Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

This Consent Decree is not to be deemed or construed to be an admission of liability or wrongdoing by Defendant. The parties advise this Court that they desire to resolve the allegations in the Complaint and the Intervenor's Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED AND DECREED as follows:

1.      Defendant acknowledges that it is prohibited from discriminating against any person on the basis of disability or any other protected category within the meaning of the ADA, including by failing to hire a person due to an actual or perceived disability.

2.      Defendant shall pay King the sum of $85,000 in settlement of the claims raised in this action. Defendant shall make payment by issuing check(s) payable as

agreed by Defendant and Intervenor Counsel. Payment shall be made within twenty five (25) calendar days after the Court approves this Consent Decree, and Defendant shall mail the checks as agreed by Defendant and Intervenor Counsel. Within ten (10) calendar days after the checks have been sent, Defendant shall send to the Commission a copy of the checks and proof of their delivery. Neither the Commission nor Defendant make any representations about or assume any responsibility for any tax liability, assessments, interest, penalties, and/or costs that King may or may not incur on such payments under local, state, and/or federal laws. It is acknowledged that the damages agreed to herein constitute a debt owed and collectible by the United States.

3.      Defendant shall eliminate from King's paper personnel file all documents, entries, or references of any kind relating to the filing of EEOC Charge Number 410-2018-05372, the discussions of an accommodation and the decision to rescind the offer of employment to King, and the related events that occurred thereafter, including this litigation. Defendant shall report compliance with this provision to the Commission within fifteen (15) business days of the entry of this Consent Decree by the Court.

4.      Defendant shall provide King with a letter of reference using the form attached hereto as Exhibit "A". Within ten (10) business days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be

provided to King at an address provided by the Commission or King's counsel. King is free to disseminate the letter to potential employers. In the event that King desires an employment reference, King agrees to direct any such reference request to Javier Montalvo or to the then-current Vice President of Human Resources. Mr. Montalvo or the then-current Vice President of Human Resources shall provide only the dates of Ms. King's employment, the position she held, and her final rate of pay.

5.      Within thirty (30) calendar days of the entry of this Consent Decree, Defendant shall implement a written Americans with Disabilities Act policy and form, a copy of which is attached as Exhibit C. This revised policy shall be an electronic supplement to Defendant's Employee Handbook. This revised policy and form shall be distributed to each current employee and also made available to all employees through Defendant's Human Resources intranet portal and upon request in Defendant's Human Resources offices. Within seven (7) business days of dissemination of this policy, Defendant shall report its compliance to the Commission. During the term of this Consent Decree, Defendant shall distribute the policy to all new employees and review it with them within seven (7) business days of hire.

6.      Within thirty (30) calendar days of the entry of this Consent Decree, Defendant shall post a copy of its revised policy described in paragraph 6 above in its facility in Monroe, Georgia, in a place where it is visible to all employees. The

revised policy shall be posted and maintained for the duration of this Consent Decree. If the revised policy becomes defaced or unreadable, Defendant shall replace it by posting another copy. Within seven (7) business days of the posting of the revised policy, Defendant will report compliance with this provision to the Commission.

7.    A.    Defendant will continue to provide orientation training for new Hitachi (non-temporary) employees at the Georgia facility which shall include the Americans with Disabilities Act policy described in paragraph 5 once it is implemented as required in paragraph 5. This training will involve a review of the policy and the form and provide information on how employees can contact the ADA coordinator and Human Resources for requests involving a reasonable accommodation for a disability under the ADA.  Beginning ninety (90) calendar days of the entry of this Consent Decree and every 6 months thereafter, Hitachi will provide information to the EEOC regarding the completion of training during orientation including providing a roster of employee identification numbers for those completing the training.

B.    Beginning ninety (90) calendar days of the entry of this Consent Decree, Hitachi also will provide annual electronic based training to management and supervisor employees at the Georgia facility, which will cover the ADA policy, the form, and how to contact the ADA coordinator and

Human Resources for requests involving a reasonable accommodation for a disability under the ADA.

C.      Beginning ninety (90) calendar days of the entry of this Consent Decree, Hitachi will provide either electronic based or live training to non-management employees at the Georgia facility on an annual basis, which will cover the ADA policy, the form, and how to contact the ADA coordinator and Human Resources for requests involving a reasonable accommodation for a disability under the ADA.

D.      After each training period required under paragraphs 7.B. and 7.C., Hitachi will provide information to the EEOC that its management and supervisor and non-management employees have completed such training, including providing a roster of employee identification numbers for those completing the training.

At least fifteen (15) business days prior to the start of each of the management and supervisor and non-management employee trainings at the Georgia facility as set forth above, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-ATDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) business days of submission of the agenda. Defendant will report to the Commission within thirty (30) days once the

training has occurred by electronic mail sent to EEOC-ATDO-decree-monitoring@eeoc.gov and provide a roster of training attendees.

8.     Within ten (10) business days after the entry of this Consent Decree, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit "B", hereby made a part of this Consent Decree, in a place where it is visible to all employees at its facility in Monroe, Georgia. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within seven (7) business days of the posting of this Notice, Defendant will report compliance with this provision to the Commission.

9.     During the term of this Consent Decree, Defendant shall provide the Commission with semi-annual reports, with the first being due six (6) months after entry of this Consent Decree. The reports will include the following information to the extent known by Defendant:

A.     The identity of any individual with a physical impairment as defined by the ADA who applied for full-time employment as a regular Hitachi employee at its Monroe, Georgia facility and who was not hired because the Defendant determined that the individual could not perform an essential function of a job with or without a reasonable accommodation;

- 7 -

B.     For each individual who was not hired as identified in A above, a written statement explaining the reasons the person was not hired and identifying the employees of Defendant who participated in the decision to deny employment.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

10.     If at any time during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) business days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) business days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

11.     The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's facility in Monroe, Georgia, interview employees, and examine and copy documents upon seventy-two (72) hours' notice to Defendant's legal counsel: Craig P. Siegenthaler at csiegenthaler@fisherphillips.com and Edward N. Boehm, Jr, at tboehm@fisherphillips.com.

12.     The term of this Consent Decree shall be for two (2) years from its entry by the Court.

13.     All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Craig P. Siegenthaler at csiegenthaler@fisherphillips.com and Edward N. Boehm, Jr, at tboehm@fisherphillips.com.  If Defendant's designated point of contact changes at any time during the term of this Consent Decree, Defendant shall notify the Commission and provide contact information for a new designated point of contact within ten (10) business days of the change.

14.     All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-ATDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to – Antonette Sewell, Regional Attorney, Equal Employment Opportunity Commission, Atlanta District Office, 100 Alabama Street, SW, Suite 4R30, Atlanta, Georgia 30303.

15.     Each party shall bear its own costs and attorneys' fees.

16.     This Court shall retain jurisdiction of this case for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

Signed and entered this 4th day of March, 2020.


_____

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

The parties jointly request that the Court approve and enter the Consent Decree:

**FOR PLAINTIFF**
**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**

SHARON FAST GUSTAFSON
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

Antonette Sewell
Regional Attorney

Lakisha Duckett Zimbabwe
Supervisory Trial Attorney

*/s/Steven A. Wagner*
Steven A. Wagner, Esq.
Georgia Bar No. 000529

EEOC - Atlanta District Office
100 Alabama St. S.W, Suite 4R30
Atlanta, Georgia 30303
Tel.:  (404) 562-6897
Fax:  (404) 562-6905
Email: steven.wagner@eeoc.gov

**FOR DEFENDANT HITACHI**
**AUTOMOTIVE SYSTEMS**
**AMERICAS, INC.**

*/s/Edward N. Boehm, Jr. (w/permission)*
Edward N. Boehm, Jr., Esq.
Georgia Bar No. 183411

Fisher Phillips, LLP
1075 Peachtree Street N.E., Suite 3500
Atlanta, Georgia 30309
Tel.: (404) 231-1400
Fax: (404) 240-4249
Email: tboehm@fisherphillips.com

**FOR INTERVENOR MISTI HUFF**
**KING**

*/s/Regan Keebaugh (w/permission)*
Regan Keebaugh, Esq.
Georgia Bar No. 535500

Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
Tel.: (678) 271-0300
Fax: (678) 217-0311
Email: regan@decaturlegal.com

- 11 -

## EXHIBIT "A"

[Defendant's letterhead]

[Date]


TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of Misti Huff King.

Ms. King was employed through staffing companies at Hitachi Automotive Systems Americas, Inc.'s facility in Monroe, Georgia, from May 2017 until February 2018. During her tenure at Hitachi, Ms. King worked as an Assembly Operator on one of Hitachi's clean room production lines. Ms. King's final rate of pay was $16.95 per hour.

We hope that this information about Ms. King is helpful to you in considering her for employment.

Sincerely,


_____
[Parties to agree upon signature to letter]

## EXHIBIT "B"



## EMPLOYEE NOTICE

1.   This Notice is posted pursuant to an agreement between the U.S. Equal Employment Opportunity Commission and Hitachi Automotive Systems Americas, Inc.

2.   Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older), genetic information, or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3.   Defendant will comply with such federal law in all respects. Furthermore, Defendant will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact: **Equal Employment Opportunity Commission at 1-800-669-4000 or TTY: 1-800-669-6820**.

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission.

**DO NOT REMOVE THIS NOTICE UNTIL**: _____, 20___.

**Hitachi Automotive Systems Americas, Inc.**

**Americans With Disabilities Act (ADA)**

**1.0      Purpose**

(HIAMS)AM values its team members and management personnel and believes in a diverse work force. At times it may be necessary to provide a reasonable accommodation for team members or management personnel in order to perform the essential functions of their job. This policy sets forth the procedures for requesting accommodations under the Americans with Disabilities Act.

**2.0      Policy**

It is (HIAMS)AM's policy to fully comply with the provisions of the Americans with Disabilities Act (ADA) of 1990, which prohibits unlawful discriminatory employment practices against qualified individuals with disabilities. (HIAMS)AM provides reasonable accommodation to qualified individuals with disabilities who are team members and management personnel or applicants for employment, unless to do so would cause undue hardship to (HIAMS)AM. Nothing in this ADA policy shall grant (HIAMS)AM team member and management personnel rights greater than those available under applicable controlling law.

**3.0      Scope**

All requests from current team members and management personnel for reasonable accommodation to enable disabled team members and management personnel to perform the essential functions of their jobs.

**4.0     Guidelines**

- For purposes of reasonable accommodations, the ADA protects "qualified individuals with disabilities," which means an individual with a disability who, with or without a reasonable accommodation provided by (HIAMS)AM, can perform the essential functions of the job held or desired.

- A reasonable accommodation is any modification or adjustment to a job, an employment practice, or work environment that makes it possible for team member or management personnel to perform the essential functions of his/her job and which does not otherwise impose an undue hardship on (HIAMS)AM. Examples of reasonable accommodations required under the ADA may include:

  - acquiring or modifying equipment or devices
  - adjusting or modifying company policies, training materials, or examinations
  - providing qualified readers or interpreters
  - making existing facilities readily accessible to, and usable by, team members or management personnel
  - providing leave under certain circumstances
  - reassignment to a vacant position for which the team member or management personnel is qualified

- (HIAMS) AM- will be engaging in the interactive process with a team member or member of management who requests an accommodation. All team members and management personnel requesting an accommodation for themselves may be asked to fill out an Accommodation Request form and provide it to the ADA Coordinator.

- Whether an accommodation would impose an undue hardship to (HIAMS)AM must be assessed on a case-by-case basis by the ADA Coordinator and appropriate management. (HIAMS) AM will document the final outcome of any request for an accommodation by an employee.

- Providing leave in addition to FMLA, STD, and Worker's Compensation leaves may be required as a reasonable accommodation in certain cases. Therefore, managers and administrators must consider all applicable leave policies before making decisions regarding a team member or management personnel's leave status.

- Reassigning a disabled team member or management personnel to a vacant position may be required as a reasonable accommodation if the disabled team member or management personnel meets the minimum requirements of the vacant position.

- Team member and management personnel accommodation requests and related information will be treated as confidential by (HIAMS)AM and maintained in separate, confidential files. Managers are responsible for ensuring confidentiality in the requesting team member and management personnel's work environment.

- All (HIAMS)AM managers must ensure that team member and management personnel with disabilities are not discriminated against on account of their disabilities. Accordingly, managers must ensure that team members and management personnel who request or are given accommodations do not suffer adverse employment consequences, including negative employment evaluations, for exercising this legal right.

- Individuals who currently use drugs illegally are not protected by the ADA. However, individuals who have been rehabilitated and do not currently use drugs illegally, or who are in the process of completing a rehabilitation program, may be protected by the ADA.

**Hitachi Automotive Systems Americas, Inc.**

**Accommodation Request**

**\*\*Confidential Evaluation\*\***

Instructions:   The team member or management personnel requesting an accommodation
should complete information below, attach appropriate documentation, and
submit to the (HIAMS)AM's ADA Coordinator, [insert address]

Name_____ Home Telephone _____

Address _____ City _____ State _____ Zip _____

Work

Department _____ City_____ Supervisor _____ Telephone _____

Current Position_____ _____

Name, Address and Telephone Number of Physician _____

_____

**Disability or Medical Limitations for Which You Are Requesting a Reasonable
Accommodation:** (Explain fully — Use additional paper if necessary.)

_____
_____
_____
_____
_____
_____
_____

**Accommodation Request:** (Be as specific as possible).

**Accommodation Request – Side 2**

**\*\*Confidential Evaluation\*\***

Applicant Certification:

I **certify** that all statements and answers provided by me on this form are complete and true to the best of my knowledge and I understand that any falsification of my medical history or request may be cause for discharge. I understand that any personal medical history and fitness revealed as a result of a reasonable accommodation will be treated as Confidential, will be maintained in a medical-specific file, and shall not be released to third parties outside of (HIAMS)AM without my written authorization.

_____          _____

Date                                                          Signature of Associate

I authorize my health care provider(s) to discuss with (HIAMS)AM my medical condition to the extent necessary to process my accommodation request. Health care provider(s) referred to by this authorization is (are) **[Provide Name, Address, Zip Code, and Telephone Number of health care provider(s)]:**

_____

_____

_____          _____

Date                                                          Signature of Associate

**Do Not Write Below This Line. To Be Completed by ADA Coordinator**

Accommodation Granted:   __ Yes. If yes, explain how.        __ No.  If no, explain why.

- 20 -

_____

_____

_____


_____              _____         _____

Date                          Signature                       Position